**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 03 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEVIN BUTLER; WILLIAM DAY; JOHN B. NELSON; DAWN ODELL; RICHARD POLLACK,<br><br>              Plaintiffs - Appellants,<br><br>  v.<br><br>DOUGLAS COUNTY; CHRIS BROWN, Douglas County Sheriff, individually and in his official capacity,<br><br>              Defendants - Appellees. | No. 10-35802<br><br>D.C. No. 6:07-cv-06241-HO<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Argued and Submitted July 12, 2011
Portland, Oregon

Before: GOODWIN, PREGERSON, and M. SMITH, Circuit Judges.


Plaintiffs-Appellants, registered medical marijuana cardholders under the

Oregon Medical Marijuana Act (OMMA), appeal a summary judgment granted to

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Defendants-Appellees, Douglas County and Sheriff Chris Brown, dismissing civil rights claims under 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291. We may affirm on any basis supported by the record, *McSherry v. City of Long Beach*, 584 F.3d 1129, 1135 (9th Cir. 2009), and do affirm.

As a local government entity, the County is generally only liable for a potential 42 U.S.C. § 1983 violation if a plaintiff shows the existence of a government policy or custom that was the moving force behind the violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996). Liability, however, can also arise where the absence of a policy has led to a violation, as a result either of a longstanding practice or custom, or the violation being caused by a person holding "final policymaking authority." *Webb v. Sloan*, 330 F.3d 1158, 1164 (9th Cir. 2003). Appellants here did not allege facts regarding a County policy or the absence of a policy sufficient to make out a claim under any of these theories. Summary judgment as to the County is therefore affirmed.

Summary judgment as to Brown is affirmed on the basis of qualified immunity. Even if Brown violated Appellants' constitutional rights by retaliating against their request for the return of their medical marijuana, he enjoys qualified immunity if the right violated was not clearly established at the time of the act.

*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). While Brown was certainly on notice that he was legally required to return Appellants' medical marijuana, it cannot be said that he had fair warning that encouraging federal prosecution to thwart that end violated Appellants' First Amendment rights. *See Hope v. Pelzer*, 536 U.S. 730, 739-40 (2002).

Having affirmed summary judgment, any discovery violations are moot.

**AFFIRMED**.